IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASPEN SPECIALTY INSURANCE CO., | : | |
| Plaintiffs | : | Civil Case |
| | : | |
| v. | : | |
| | : | |
| WILSON BOROUGH, et al. | : | No. 10-115 |
| Defendants | : | |

MEMORANDUM OPINION

**Stengel, J.**                                                       February 28, 2011

This is a declaratory judgment action seeking a ruling that Aspen Speciality Insurance Company does not have a duty to defend or indemnify Wilson Borough for claims arising out of a lawsuit filed in the United States District Court for the Eastern District of Pennsylvania, <u>LaBar v. Alercia</u>, Civil Action No. 09-4182. Aspen Specialty Insurance Company filed a motion for summary judgment. Wilson Borough filed a cross motion for summary judgment. For the reasons set forth below, I will grant Aspen's motion for summary judgment and deny Wilson Borough's motion for summary judgment.

I.      BACKGROUND

     A.      <u>Insurance Policy</u>

Aspen issued a police professional liability policy to Wilson Borough. The policy contained two coverage sections. Section A covered "bodily injury and property damage liability." Section B covered "personal injury liability."

The policy defined "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." It defined "personal injury" as "injury, other than 'bodily injury' arising out of one or more of the following offenses . . . .(k) Violation of civil rights protected under 42 U.S.C. § 1981 et seq. or State Law."

One of the exclusions from the bodily injury coverage is the automobile exclusion. This exclusion applies to: "'bodily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft owned or operated by or rented or loaned to any insured. Use includes operation and 'loading or unloading.'" The personal injury coverage does not contain an automobile exclusion.

B. Underlying Complaint

The underlying complaint alleges that a car driven by Daniel LaBar's wife was struck by a car driven by a felon who was fleeing from police during a high speed chase. Ms. LaBar died from the injuries sustained.

Mr. LaBar raised twelve counts alleging: (1) a section 1983 claim against all defendants; (2) a section 1983 claim against all defendants based on the Fourth Amendment and on the Fourteenth Amendment; (3) a section 1983 claim based on supervisory liability against the individual defendants; (4) a section 1983 claim based on municipal liability against the Township of Palmer; (5) a section 1983 claim based on municipal liability against the Borough of Wilson; (6) state constitutional claims against

2

all defendants; (7) an assault and battery claim against defendants Officer Alercia, Officer Border, Officer Vogel, Officer Potope, and John Does 1-10; (8) a section 1983 civil conspiracy claim against all defendants; (9) a section 1983 non-supervisory failure to intervene claim against Officer Potope and John Doe officers 1-10; (10) a section 1983 wrongful death claim against all defendants; (11) a section 1983 survival action against all defendants; and (12) a loss of consortium claim against all defendants. Counts one through nine allege the defendants were the proximate cause of Mrs. LaBar's injuries. Counts ten through twelve allege derivative claims.

II.  STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" when "a reasonable jury could return a verdict for the nonmoving party" based on the evidence in the record. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" when it "might affect the outcome of the suit under the governing law." Id.

Under Rule 56 of the Federal Rules of Civil Procedure, the court must draw "all justifiable inferences" in favor of the non-moving party. Anderson, 477 U.S. at 255. The court must decide "not whether . . . the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." Id. at 252. If the non-moving party has produced more than a "mere scintilla

3

of evidence" demonstrating a genuine issue of material fact, then the court may not credit the moving party's "version of events against the opponent, even if the quantity of the [moving party's] evidence far outweighs that of its opponent." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

III. DISCUSSION

"Under Pennsylvania law, it is the province of the court to interpret contracts of insurance." Nationwide Mut. Ins. Co. v. Consenza, 120 F. Supp. 2d 489, 493 (E.D. Pa. 2000).[1] "The primary consideration in interpreting an insurance contract is 'to ascertain the intent of the parties as manifested by the language of the written instrument.'" Id. (quoting Standard Venetian Blind Co. v. Am. Empire Ins. Co., 469 A.2d 563, 566 (Pa. 1983)). A court must read the insurance policy as a whole and construe it "according to the plain meaning of its terms." Id. (quoting C.H. Heist Caribe Corp. v. Am. Home Assurance Co., 640 F.2d 479, 481 (3d Cir. 1981)).

"An insurer's duty to defend an insured in litigation is broader than the duty to indemnify." Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co., 193 F.3d 742, 746 (3d Cir. 1999). An insurer has a duty to defend "[i]f the factual allegations of the complaint against the insured state a claim which would potentially fall within the coverage of the policy." Biborosch v. Transamerica Ins. Co., 603 A.2d 1050, 1052 (Pa. Super. Ct. 1992) (emphasis deleted). The complaint's factual allegations "are taken to be true and the

---

[1] The parties agree that Pennsylvania law applies to the insurance contract.

4

complaint is to be liberally construed." Id. (citing Cadwallader v. New Amsterdam Cas. Co., 152 A.2d 484 (Pa. 1959)). To determine whether the insurer has a duty to defend, courts must look to the "insurance policy to determine the scope of coverage," and "must analyze the complaint filed against the insured to determine whether the claims asserted potentially fall[] within that coverage." Id. (quoting Cadwallader, 152 A.2d at 484).

The parties agree that claims of bodily injury are not covered by the policy because of the automobile exclusion. Wilson Borough alleges the civil rights claims are claims for personal injury covered by the policy. Aspen maintains the claims allege bodily injury and are excluded under the automobile exclusion.

Personal injury includes injury for the violation of civil rights. The personal injury, however, must be "injury, other than bodily injury." The complaint seeks damages as a result of the death of Mrs. LaBar due to the injuries she sustained in a car accident. This is bodily injury. Therefore, because "personal injury" is "injury, other than bodily injury," the injuries sustained were not "personal injury" as defined by the policy.

Merely because personal injury can arise out of a violation of civil rights does not mean all civil rights violations result in personal injury rather than bodily injury.[2] The

---

[2] This corresponds with the other offenses covered by the policy for personal injury. The definition of "personal injury" provides:

> Personal injury means injury other than 'bodily injury' arising out of one or more of the following offense:
>
> a. False arrest, detention or imprisonment;
> b. Malicious prosecution;

5

claims, including the civil rights claims, stem from the injuries and death of Ms. LaBar. This constitutes bodily injury as defined by the policy. See Aspen's Motion for Summary Judgment at Exh. B (defining "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.").[3]

The complaint's causes of action, including the causes of action alleging civil rights violations, are alleged to have resulted in bodily injury and are excluded by the automobile exclusion.

IV. CONCLUSION

I will grant Aspen's motion for summary judgment and deny Wilson Borough's

---

c. Wrongful entry into, or eviction of a person from, a room, dwelling or premises that the person occupies, invasion of the right of private occupancy, or denial of public occupancy;
d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organizations goods, products or services;
e. Oral or written publication of material that violates a person's right of privacy;
f. Assault and battery;
g. Erroneous service of process;
h. Violation of property rights;
i. Discrimination, unless insurance thereof is prohibited by law;
j. Humiliation or mental anguish;
k. Violation of civil rights protected under 42 USC 1981 et seq or State Law;

provided that no offense shall be deemed to be or result in "personal injury" unless committed in the regular course of duty by the insured.

[3] The constitutional claims and state law claims, other than the wrongful death claim, survival action, and loss of consortium claim, all allege the actions were the proximate cause of Ms. LaBar's injuries and claim damages for those injuries. The wrongful death claim, survival action, and loss of consortium claim allege damages which include lost wages and deprivation of use, benefit and enjoyment of life. These causes of action, however, are derivative of the constitutional and state law claims that arose because of Ms. LaBar's death.

6

cross motion for summary judgment.

An appropriate order follows.